# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JONATHAN STONE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 06-0441-WS-C** |
| | ) |
| **CITY OF MOBILE,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

This matter comes before the Court on defendant City of Mobile's Motion to Set Aside Default (doc. 8). The Motion has been briefed and is ripe for disposition at this time.

**I.    Background.**

The court file reflects that plaintiff Jonathan Stone initiated this action on July 27, 2006 by filing a Complaint (doc. 1), against the City of Mobile (the "City") for unlawful race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1983. Stone, a vehicular equipment mechanic for the City, maintains that white male mechanics are treated more favorably than blacks with respect to salary increases and service ratings, and that Stone's supervisor responded to plaintiff's grievance on the subject by informing him that Stone would never receive a pay increase or promotion of any kind.

The Return of Service (doc. 3) reflects that the City was properly served with process via certified mail delivered to the Office of the City Clerk on November 16, 2006, such that the City's answer or other responsive pleading was due on or before December 6, 2006. As of December 12, 2006, the City had failed to file a responsive pleading. At that time, plaintiff filed an Application for Entry of Default (doc. 4), which resulted in a Clerk's Entry of Default (doc. 5) against the City on December 13, 2006. The City filed its Answer (doc. 6), with affirmative defenses, the very next day, and proceeded to file a Motion to Set Aside Default (doc. 8) on December 20, 2006.

**II.	Analysis.**

*A.	Legal Standard.*

Consideration of defendant's Motion begins with the well-worn proposition that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (similar). In that regard, the Eleventh Circuit has recognized that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Ehlers*, 8 F.3d at 783 (citation omitted). Indeed, "[d]efaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Canfield v. VSH Restaurant Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995).

Bearing the disfavored status of defaults in mind, the Court turns to Rule 55(c), Fed.R.Civ.P., which provides that "[f]or good cause shown the court may set aside an entry of default." *Id.*[1] In determining whether the requisite good cause exists, courts balance an array of factors, including principally whether the default was willful, whether the plaintiff would be prejudiced by a set-aside, and whether the defendant had a meritorious defense. *See, e.g., Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Biton v. Palestinian Interim Self Government Authority*, 233 F. Supp.2d 31, 33 (D.D.C. 2002); *Canfield*, 162 F.R.D. at 433; *see generally KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003) (relevant factors include willfulness of default, prejudice to adversary if default is set aside, existence of meritorious defense, defendant's explanation for default, parties' good faith, amount of money involved, and timing of motion to set aside default). The "good cause" analysis is not susceptible to a precise formula, but is necessarily a flexible inquiry based on the particular circumstances in a given case. *See Compania Interamericana*, 88 F.3d at 951. Accordingly, no

---

[1]	No default judgment has entered in this case. This is potentially significant, inasmuch as "[t]he excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

talismanic significance is accorded any of these factors; rather, the overarching question is whether circumstances exist that warrant a finding of good cause to set aside the Clerk's Entry of Default against the City. *Id.*

### B. *Application of Legal Standard.*

The City attempts to make the requisite showing of good cause as follows: A mix-up in the delivery of the Complaint delayed its transmittal to the City Clerk's Office, such that the 20-day responsive pleading period under Rule 12(a)(1)(A) had already expired before counsel received the pleadings. (Rutens Aff., at 1.) Upon recognizing that the deadline had passed, defendant's counsel promptly contacted plaintiff's counsel prior to December 12, 2006. (*Id.* at 1-2.) Specifically, defendant's counsel left a voice-mail message explaining that he represented the City, indicating that a responsive pleading would be filed shortly, and requesting that plaintiff's counsel notify defense counsel if he had any objection to a short delay in filing the answer. (*Id.*)[2] Plaintiff's counsel did not respond to defendant's counsel's message, but instead proceeded to file an Application for Entry of Default on December 12, without notice to defendant's counsel of his intent to do so.

These facts confirm that the Clerk's Entry of Default against the City was wholly unnecessary and eminently avoidable, were it not for a series of unfortunate decisions by both sides. First, defendant's counsel erred in not filing a request for enlargement of time to file a responsive pleading immediately upon receiving the file and recognizing that the 20-day deadline had expired. Leaving a message for opposing counsel expressing his intent to file an answer in a few days and asking opposing counsel to advise of any objection was not an appropriate substitute for such a filing. After all, extensions of deadlines imposed by court orders and the Federal Rules of Civil Procedure can be

---

[2] Plaintiff's counsel acknowledges having received such a message from defendant's counsel on December 8, 2006. (Williams Decl., ¶ 3.) Plaintiff's counsel does not suggest that he made any effort to contact defendant's counsel at any time on or after December 8 to advise him that unless an answer were filed promptly, plaintiff's counsel would seek entry of default to protect the interests of his client. That said, plaintiff's counsel's version of events (which movant contests) is that defendant's counsel's December 8 message stated that the answer would be filed on December 11, and that when no such answer was filed plaintiff's counsel proceeded to file his Application for Entry of Default late the following day. (Williams Decl., ¶¶ 3-4.)

granted only by the Court, and not by stipulation or agreement among the parties. *See*, *e.g., Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942) (rules of civil procedure require court approval to effectuate a stipulation extending time to answer); *In re Lease Oil Antitrust Litigation No. II*, 48 F.Supp.2d 699, 707 (S.D.Tex.1998) (same). One court succinctly explained the reason for this procedural requirement as follows: "Professional comity having the effect of lengthening lawsuits cannot be allowed to interfere with the overall purpose of the Rules, namely the just, speedy, and inexpensive determination of actions." *Gray v. Lewis & Clark Expeditions, Inc.*, 12 F. Supp.2d 993, 995 (D. Neb. 1998). Had defense counsel promptly filed a motion for extension on December 8, there would have been no default to set aside.

Second, even if a stipulation by the parties might have been satisfactory to extend the Rule 12 filing deadline (which it wasn't), defendant's counsel never actually requested that plaintiff's counsel assent to a brief enlargement of time, but instead simply stated his intentions with respect to filing an answer. Even had he requested such an extension, it was unwise of defendant's counsel to assume, without any kind of follow-up, that plaintiff's counsel's silence meant that he was amenable to the enlargement of time. Had defendant's counsel followed up with his counterpart, he almost certainly would have learned of plaintiff's intent to seek entry of default, and could have taken appropriate preemptive action.

Third, however, plaintiff's counsel is not absolved from responsibility for the manner in which these events unfolded. Notwithstanding defendant's counsel's errors as set forth above, perhaps a more prudent, and certainly more efficient, response by plaintiff's counsel would have been to contact his counterpart counsel to advise of his intention to seek entry of default unless an answer were filed immediately. Yet plaintiff's counsel did not do so. The Court strongly suspects that a simple phone call would have obviated the need for the Application for Entry of Default, or the subsequent expenditure of litigant and judicial resources in the ensuing litigation to set aside the default.

Based on these circumstances, the Court readily finds good cause under Rule 55(c) for setting aside the default here. Defendant's failure to file a responsive pleading prior to the entry of default may have been careless and was certainly preventable, but it was not culpable or willful. Given the nascent

stage of this case, plaintiff could suffer no conceivable prejudice if the default were set aside. Defendant's Answer (doc. 6), filed just one day after the Clerk's Entry of Default, denies the material factual allegations of the Complaint and propounds 11 affirmative defenses that may potentially be meritorious. Viewed collectively, these circumstances rise to the level of "good cause" required to set aside the default pursuant to Rule 55(c).

### III.  Conclusion.

For all of the foregoing reasons, defendant's Motion to Set Aside Default (doc. 8) is **granted**, and the Clerk's Entry of Default (doc. 5) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P.

DONE and ORDERED this 13th day of February, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE